# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-50543
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Petitioner - Appellee

v.

ANY AND ALL FUNDS IN UBS AG, ACCOUNT NUMBER XXXX1138; ET AL,

      Respondents

FRANCISCO COLORADO CESSA,

      Claimant - Appellant

v.

HAWKER BEECHCRAFT GLOBAL CUSTOMER SUPPORT, L.L.C., doing business as Hawker Beechcraft Services,

      Claimant - Appellee

————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CV-761

————

Before DAVIS, JONES, and GRAVES, Circuit Judges.

No. 15-50543

PER CURIAM:*

Claimant and Appellant, Francisco Colorado Cessa, filed his notice of appeal contending that the district court abused its discretion in confirming the interlocutory sale of a seized airplane. For the reasons described below, we AFFIRM.

## BACKGROUND

In August 2013, the government filed the present civil forfeiture action against Cessa's various assets. The civil forfeiture complaint rests upon and incorporates the money laundering allegations contained in the criminal case against Cessa. One of the assets that the government seeks to forfeit civilly is a Hawker airplane—at issue in this appeal.

In December 2014, the government moved the district court under Supplemental Rule G(7) of the Federal Rules of Civil Procedure for an interlocutory sale of the Hawker airplane. The motion for sale was joined by Hawker Beechcraft Global Customer Support, LLC ("HBS") based on a mechanic's lien that it holds against the plane for $735.31 of unpaid storage fees. The government included with its motion three appraisals of the plane which were for $2,772,131.00, $3,242,600.00, and $4,135,000.00, respectively. Thereafter, the government sought to sell the Hawker in a private sale to Road Ranger LLC for $2,250,000.00. The government noted that the plane had depreciated 14.5% between June 2012 and December 2014, and that it costs about $1,700.00 per month to store the airplane. The district court approved the sale. Cessa appeals the sale order. Specifically, Cessa contends that the district court abused its discretion in confirming the interlocutory sale of the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

seized airplane for more than $1.13 million below its purported fair market value. Cessa argues that the sale will effectively transfer more than a million dollars of his wealth to Road Ranger LLC. Moreover, he contends that the government failed to prove depreciation and that the storage fees for the airplane are a small percentage of its value.

## STANDARD OF REVIEW

This court reviews the district court's approval of the sale for abuse of discretion. *See United States v. Real Prop. & Residence located at 4816 Chaffey Lane*, 699 F.3d 956, 960 (6th Cir. 2012) ("When a district court exercises its discretionary authority to act, we review that exercise for abuse of discretion."). "[T]he judge can range widely in deciding what factors to consider, and what weight to give them, in making his ruling. He has, in other words, considerable discretion, which implies a deferential standard of appellate review." *United States v. Approximately 81,454 Cans of Baby Formula*, 560 F.3d 638, 641 (7th Cir. 2009).

## ANALYSIS

Rule G(7)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions authorizes a court to order an interlocutory sale of property when:

> (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause.

FED. R. CIV. P. SUPP. RULE G(7)(b)(i).

Here, the district court ordered the interlocutory sale of the Hawker airplane after finding that the airplane was depreciating in value. Moreover, the district court found that continued possession would result in excessive

No. 15-50543

costs for maintenance and storage. The sale procedures were fair and the government adequately publicized the sale. Accordingly, the district court acted within its discretion to approve the sale. Although the sale is for less than the appraisals which were between $2,772,131.00 and $4,135,000.00, it cannot be found that the district judge acted unfairly or unreasonably.

The record on appeal supports the district court's decision to sell the Hawker airplane in order to avoid the loss in value from depreciation as well as maintenance and storage costs. Therefore, the district court did not abuse its discretion and its ruling is AFFIRMED.